IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| RASHAD C. LEE, AIS 213823, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:23-523-MHT-CSC |
| | ) | |
| L.B. SMITHART, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

## I.   INTRODUCTION

Plaintiff Rashad Lee, an inmate incarcerated at the Elmore Correctional Facility in Elmore, Alabama, filed this Complaint on a form used by inmates for filing 42 U.S.C. § 1983 actions. He brings this fee-paid action against Judge L. B. Smithart, District Attorney Ben Reeves, Assistant District Attorney Rebecca Kelly, and Judge Christopher Hughes in their individual and official capacities. Docs. 1, 8. Lee, who is imprisoned on his 2000 conviction for murder, alleges the named defendants engaged in conduct which violated his Fourteenth Amendment right to equal protection and have also conspired against him and obstructed justice. Doc. 1 at 3–6. For relief, Lee requests the Court intervene under the *Younger*[1] doctrine concerning evidence tampering by the state trial court, an investigation

---

[1] To the extent Lee seeks this Court's interference with matters associated with his criminal conviction for murder under the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971)), such request is unavailing. Under *Younger*, federal courts are directed to abstain from granting injunctive or declaratory relief that would interfere with an ongoing state criminal prosecution except under very limited circumstances. *Id*. 401 U.S. at 43–45.

by the FBI and the U.S. Attorney's Office into evidence tampering resulting in his continued detention,[2] and any and all equitable and injunctive relief available. Doc. 1 at 8. Lee requests trial by jury. After review of the Complaint, the undersigned RECOMMENDS this case be DISMISSED, as set forth below.

## II.   STANDARD OF REVIEW

The Prison Litigation Reform Act, as partially codified at 28 U.S.C. § 1915A, requires this Court to screen complaints filed by prisoners against government officers or employees. Under this provision, the Court must dismiss the complaint or any portion thereof that it finds frivolous, malicious, seeks monetary damages from a defendant immune from monetary relief, or which states no claim upon which relief can be granted. 28 U.S.C. §1915A(b)(1) & (2).[3]

To state a claim upon which relief may be granted, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). To state a claim to relief that is plausible, the plaintiff must plead factual content that "allows

---

[2] Although Lee does not specify the type of investigation he seeks, notably, a court has no authority to act as a prosecutorial entity and thus is without jurisdiction to refer any defendant to a federal agency for criminal investigation or prosecution. *See e.g., United States v. Smith*, 231 F.3d 800, 807 (11th Cir. 2000).

[3] Notably, payment of the filing fee does note exempt a pro se inmate's complaint from screening under § 1915A. *See Thompson v. Hicks*, 213 F. App'x 939, 942 (11th Cir. 2007) (holding that district court is required to screen prisoner suits under § 1915A irrespective of whether the prisoner paid the filing fee or is proceeding in forma pauperis); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (holding that "[t]he plain language of [§ 1915A], however, indicates that it applies to any suit by a prisoner against certain government officials or entities regardless of whether that prisoner is or is not proceeding [in forma pauperis].").

the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. In determining whether a complaint is frivolous under § 1915A(b), the court can consider, sua sponte, affirmative defenses that are apparent from the record. *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011); 28 U.S.C. § 1915A(a) (stating court shall review civil action by prisoner against governmental entity or officer or employee before docketing, if feasible, or as soon as practicable after docketing).

## III.   DISCUSSION

### A.   Official Capacity Claims

Lee sues Defendants in both their official and individual capacities. Lee's claims against the named defendants in their official capacities are due to be dismissed. Official capacity lawsuits are "in all respects other than name ... treated as a suit against the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). However, "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office," and, "[a]s such, it is no different from a suit against the State itself." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). The Eleventh Amendment bars all suits against the State itself and ones against an "arm of the State," *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2002), whether a plaintiff seeks monetary, injunctive or declaratory relief. *Stevens v. Gay*, 864 F.2d 113, 115 (11th Cir. 1989).

This action against Judge Smithart, Judge Hughes, District Attorney Reeves, and Assistant District Attorney Kelly in their official capacities is effectively against their employer, the State of Alabama. *See Simmons v. Conger*, 86 F.3d 1080, 1085 (11th Cir.1996). Lee's suit is therefore barred by the State's sovereign immunity unless one of

3

three limited exceptions applies to the rule barring § 1983 actions against a state or state officials sued in their official capacity. These exceptions include where a state has waived its Eleventh Amendment sovereign immunity and consented to suit in federal court, *see Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984), when Congress has properly abrogated sovereign immunity through its powers under the Fourteenth Amendment, *see Seminole Tribe of Fla. v. Fla.*, 517 U.S. 44, 59 (1996), or when the action seeks prospective injunctive relief against a state official to end continuing violations of federal law, *see Ex parte Young*, 209 U.S. 123, 155-56 (1908).

"Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it," *Holmes v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (*citing Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)), nor may *Ex parte Young* be used to adjudicate the legality of conduct violated in the past or over a certain time in the past but rather focuses on ongoing violations of federal law by a state official. *See Summit Med. Assocs., P.C. v. Pryor*, 180 F.3d 1326, 1336 (11th Cir. 1999) (*citing Papasan v. Allain*, 478 U.S. 265, 277-78 (1986)). Because none of the exceptions to Eleventh Amendment immunity are implicated in this case, Lee's official capacity claims against the named defendants are due to be dismissed.

### B.    Individual Capacity Claims

#### i.    The Judicial Defendants

Lee sues Judge Smithart and Judge Hughes alleging they violated his right to equal protection under the Fourteenth Amendment through adverse rulings entered against him in his request for resentencing. Doc. 1 at 3–5. Lee claims he is similarly situated with other

4

inmates convicted of violent crimes who have had their requests to be re-sentenced granted, but Lee's requests for this relief have been denied. *Id.* Lee further alleges that after filing a bar complaint and judicial inquiry following the affirmance of his post-conviction appeal of his murder conviction, "the District Attorney and Judge" have discriminated against him by not ruling favorably on his filings. *See id.* at 5–6. The Court understands Lee's inference to be that Judges Smithart and Hughes forfeited their judicial immunity from suit based on their alleged improper denials of his state court filings.[4]

In a 1983 action, "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the clear absence of all jurisdiction." *Bolin v. Story*, 225 F.3d 1234, 1239 (11 Cir. 2000) (quotation marks and citation omitted); *Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). Judicial immunity is immunity from suit, not just from the ultimate assessment of damages, and it applies regardless of whether a judge's action was in error, done

---

[4] Even if the Court considered Lee's equal protection challenge, it would entitle him to no relief. To establish a claim of discrimination cognizable under the Equal Protection Clause, Lee must, at a minimum, "demonstrate that (1) he is similarly situated to other prisoners who received more favorable treatment; and (2) the state engaged in invidious discrimination against him based on race, religion, national origin, or some other constitutionally protected basis." *Sweet v. Sec'y Dep't of Corr.*, 467 F.3d 1311, 1318-19 (11th Cir. 2006). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . [An allegation] of ... discriminatory intent or purpose [related to a constitutionally protected interest] is required to [set forth] a violation of the Equal Protection Clause." *Village of Arlington Heights v. Metro. Hous. Dev. Corp.*, 429 U.S. 252, 264-265 (1977). Mere differential treatment of similarly situated inmates, without more, fails to allege a violation of the Equal Protection Clause. *E & T Realty v. Strickland*, 830 F.2d 1107 (11th Cir. 1987); *McKleskey v. Kemp*, 481 U.S. 279, 292 (1987) (claims of mere disparity of treatment are insufficient to establish discrimination). Here, Lee fails to meet his pleading burden as he does not allege that he was subjected to any adverse treatment based on some constitutionally impermissible reason; rather, he simply makes the conclusory assertion that differential treatment resulted in an equal protection violation. This is insufficient to state a plausible claim of discrimination.

maliciously, or taken in excess of authority. *Bolin*, 225 F.3d at 1239; *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (per curiam) (holding that judicial immunity is not overcome by allegations of bad faith or malice). Immunity may be overcome only if a judge did not act within his judicial capacity or if his actions were taken in the complete absence of all jurisdiction. *Id.* at 11–12. The "relevant inquiry is the nature and function of the act, not the act itself." *Id.* at 13 (quotation marks and citation omitted).

While Lee does not seek damages on his claims against Judges Smithart and Hughes, notably, judges also receive protection from requests for declaratory and injunctive relief. *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). "To receive declaratory or injunctive relief against a judicial officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable. In addition, there must also be an 'absence of an adequate remedy at law.'" *Id.* (*citing* 42 U.S.C. § 1983; *Bolin*, 225 F.3d at 1242; *Sibley*, 437 F.3d at 1074).

In *Nestor v. Day*, No. 8:20-CV-265-CEH-TGW, 2021 WL 3617418 (M.D. Fla. Aug. 16, 2021), the plaintiff requested only declaratory and injunctive relief against the defendant judge, possibly recognizing that judges defending against § 1983 actions have absolute immunity from damages for acts performed in their judicial capacities. In determining whether judicial immunity applied, the court stated:

> Plaintiff's attempts to confine his requested relief to declaratory and injunctive relief against [the defendant judge] do not save his cause. Although both declaratory and prospective injunctive relief may be available in § 1983 actions even where judicial immunity would otherwise bar a claim, they are improper to redress Plaintiff's claims against [the defendant judge] here. Simply because these types of relief are available does not mean they are appropriate. "To receive declaratory or injunctive relief against a judicial

> officer under Section 1983, the judicial officer must have violated a declaratory decree or declaratory relief must otherwise be unavailable." *Tarver v. Reynolds*, 808 F. App'x 752, 754 (11th Cir. 2020). . . . Moreover, in order to receive declaratory or injunctive relief against a judicial officer, "there must be an inadequate remedy at law . . . [and a] state appellate process is an adequate remedy at law." *Tarver*, 808 F. App'x at 754.

*Nestor*, 2021 WL 3617418, at *9. Because the plaintiff in *Nestor* did not allege that the defendant judge had violated a declaratory decree and because the plaintiff could have appealed the decision at issue to a state appellate court, judicial immunity barred his claims.

In this case, there is no indication the judicial defendants acted in the absence of all jurisdiction, or if they acted in a judicial capacity, that they violated a declaratory decree. As to the former, the actions about which Lee complains involve the way the judicial defendants handled actions in state court which he initiated. Regarding the latter, Lee does not allege a violation (or existence) of a declaratory decree. *Bolin*, 225 F.3d at 1236, 1242. Nor is there any indication that Lee does not have an adequate remedy at law for any alleged violations that occurred. *Id.* at 1243. Lee's ability to appeal the challenged rulings and decisions to an appropriate higher court provides him an adequate remedy at law. *See Tarver*, 808 F. App'x at 754. Because Lee had available to him adequate remedies at law, he has not shown he is entitled to injunctive relief from Defendants Smithart and Reeves. Accordingly, the claims for declaratory or injunctive relief against the judicial defendants are due to be dismissed under § 1915A(b)(1).[5]

---

[5] In the event Lee seeks to challenge the constitutionality of state court decisions on the merits of his post-conviction filings, this Court lacks jurisdiction to render such judgment in an action filed under 42 U.S.C. § 1983. "The *Rooker-Feldman* doctrine prevents ... lower federal courts from exercising jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.' *Exxon Mobil Corp. v.*

### ii.    The Prosecutors

Lee challenges the actions of District Attorney Reeves and Assistant District Attorney Kelly arising from their prosecutorial duties as advocates for the State of Alabama.  His claims against these defendants involve their actions in advocating for the State in Lee's state post-conviction filings. Doc. 1 at 3–5.

If Lee requested damages from Reeves and Kelly, the law is settled that prosecutors enjoy absolute immunity from damages in a § 1983 action for acts taken in preparation for and during the course of their roles as advocates for the state. *See Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Rehberg v. Paulk*, 611 F.3d 828, 837–38 (11th Cir. 2010); *see also Ellibee v. Fox*, 244 F. App'x. 839, 844–45 (10th Cir. 2007) (quotation marks and citation omitted) (holding that "[a]bsolute immunity applies to the adversarial acts of prosecutors during post-conviction proceedings, including direct appeals, habeas corpus proceedings, and parole proceedings, where the prosecutor is personally involved in the subsequent proceedings and continues his role as an advocate.").

---

*Saudi Basic Industries Corp.*, 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005)." *Lance v. Dennis*, 546 U.S. 459, 460 (2006).  Although "*Rooker-Feldman* is a narrow doctrine," it remains applicable to bar Lee from proceeding before this Court as this case, regarding any claims challenging final orders issued by a state court, is "'brought by [a] state-court loser[] complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'  544 U.S. at 284, 125 S.Ct. [at] 1517." *Lance*, 546 U.S. at 464; *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462, 486 (1983) (federal district courts "do not have jurisdiction ... over challenges to state court decisions in particular cases arising out of judicial proceedings even if those challenges allege that the state court's action was unconstitutional."). Moreover, a § 1983 action is inappropriate either to compel or to appeal a particular course of action by a state court.  *Datz v. Kilgore*, 51 F.3d 252, 254 (11th Cir. 1995) (§ 1983 suit arising from alleged erroneous decisions of a state court is merely a prohibited appeal of the state court judgment); *see also Rolleston v. Eldridge*, 848 F.2d 163 (11th Cir. 1988).

Although Reeves and Kelly do not enjoy absolute immunity from claims for equitable relief, *see Bolin*, 225 F.3d at 1242, to obtain declaratory or injunctive relief, a plaintiff must establish that there was a violation, that "there is a serious risk of continuing irreparable injury if the relief is not granted, and the absence of an adequate remedy at law." *See Bolin*, 225 F.3d at 1242 (*citing Newman v. State of Ala.*, 683 F.2d 1312 (11th Cir.1982)). Equitable relief is not appropriate where an adequate remedy at law exists. *Bolin*, 225 F.3d at 1243. As explained*,* Lee has an adequate remedy at law for the alleged violations in the Complaint and therefore is not entitled to injunctive or declaratory relief against Reeves and Kelly. Moreover, if Lee's allegations against Reeves and Kelly are considered an attempt to challenge the legality of his detention, the law is established that declaratory or injunctive relief are unavailable in a § 1983 action where the inmate's allegations seek to challenge the validity or duration of confinement. *See Abella v. Rubino*, 63 F.3d 1063, 1066 (11th Cir. 1995) (holding that declaratory and injunctive relief claims challenging the validity of a conviction and seeking release are not cognizable in a civil rights action as they sound in habeas and therefore were properly dismissed). Rather, the proper remedy is through federal habeas relief or state court relief. *See Maps v. Miami Dade State Att'y*, 693 F. App'x 784, 786-87 (11th Cir. 2017) (*citing Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quotation marks omitted) (explaining that "an inmate in state custody cannot use a § 1983 action to challenge the fact or duration of his confinement and instead must seek federal habeas corpus or appropriate state court relief."). Accordingly, Lee's claims against the prosecutorial defendants are due to be dismissed under 28 U.S.C. § 1915A(b)(1).

### C.    Conspiracy and Obstruction of Justice

Lee asserts claims of conspiracy and obstruction of justice alleging state court officials engaged in a conspiracy to alter his guilty plea transcripts to prevent his murder conviction from being overturned. Doc. 1 at 6. In taking judicial notice of court records,[6] Lee presented  the same allegation in *Lee v. Jernigan*, Case No. 2:06-cv-134-MHT-CSC (M.D. Ala. 2006).[7] Then, as now, Lee alleges that, at some point between the filing of  a notice of appeal from his post-conviction Rule 32 petition and his motion to supplement the record on appeal, various state court officials conspired to alter his guilty plea transcripts in order to "circumvent" the trial court's error in accepting his plea of guilty. Doc. 1 at 6; *see also* Case No. 2:06-cv-134. As pertinent to Lee's present allegations, he contends that ever since the challenged conduct occurred, all his appeals have been considered "off of the fraudulent filed transcripts" resulting in the denial of all his appeals Doc. 1 at 6.

Assuming, without deciding, that Lee's present allegations are not time-barred,[8] his contentions essentially infer the conduct about which he complains has resulted in his continued detention, and as such, implicate the validity of his murder conviction. Therefore, allowing him to proceed would necessarily impugn the conviction and run afoul

---

[6] *See Nguyen v. United States*, 556 F.3d 1244, 1259 n.7 (11th Cir. 2009) (noting the court may take judicial notice of its own records and the records of other federal courts).

[7] The Court dismissed Lee's prior complaint finding it barred under *Heck v. Humphrey,* 512 U.S. 477 (1994). *See* Case No. 2:06-cv-134 (Docs. 4, 6, 7).

[8] *See McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008) (citation omitted) (holding that "[a]ll constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought."). The governing limitations period in Alabama is two years. *Id*.

of the *Heck* "favorable termination" rule. *See Heck v. Humphrey,* 512 U.S. 477, 489 (1994); *see also Edwards v. Balisok*, 520 U.S. 641, 646 (1997); *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973).

In *Heck*, the Supreme Court held that claims challenging the legality of a conviction or sentence are not cognizable in a § 1983 action "unless and until the conviction or sentence is reversed, expunged, invalidated, or impugned by the grant of a writ of habeas corpus." *Id*. 512 U.S. at 489. The relevant inquiry is "whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence[.]" *Id*. at 487; *Balisok*, 520 U.S. at 648 (holding that inmate's claims for declaratory judgment, injunctive relief, or monetary damages that "necessarily imply the invalidity of the punishment imposed, [are] not cognizable under § 1983."). "It is irrelevant that [the plaintiff] disclaims any intention of challenging his conviction [or sentence]; if he makes allegations that are inconsistent with the [action] having been valid, *Heck* kicks in and bars his civil suit." *Okoro v. Callaghan*, 324 F.3d 488, 490 (7th Cir. 2003) (citations omitted).

Under the circumstances of this case, *Heck* and its progeny bar Lee's assertion of any § 1983 claims—regardless of the relief sought—that would effectively constitute a collateral attack on the validity of his underlying conviction and sentence. *Heck*, 512 U.S. at 489; *Abella*, 63 F.3d at 1066 n.4 (11th Cir. 1995). Consequently, such claims do not provide a basis on which relief may be granted at this time and are subject to dismissal under 28 U.S.C. § 1915A(b)(1).

## IV.    CONCLUSION

Accordingly, the undersigned Magistrate Judge RECOMMENDS that:

1.      Plaintiff's Complaint against Defendants Smithart, Hughes, Reeves, and Kelly be DISMISSED with prejudice under 28 U.S.C. § 1915A(b)(1);

2.      Plaintiff's claims which go to the fundamental legality of the conviction on which he is currently incarcerated be DISMISSED without prejudice under 28 U.S.C. § 1915A(b)(1) as such claims provide no basis for relief at this time in the instant cause of action.

3.      This case be DISMISSED prior to service of process.

Further, it is ORDERED that by **January 3, 2024**, the parties may file objections to this Recommendation. The parties must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made. Frivolous, conclusive or general objections will not be considered by the Court. This Recommendation is not a final order and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waive the right of the party to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. 11TH Cir. R. 3–1. *See Resol. Tr. Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

Done, this 20th day of December 2023.

/s/   Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE